IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-03061-WJM-MJW

SCARLET RANCH;
BRADLEY MITCHELL;
KENDALL SEIFERT; and,
ERIC SCHREIBERG,

Plaintiff(s),

v.

SERGEANT DANIEL STEELE;
SERGEANT ANDREW HOWARD;
OFFICER CHRIS SCHOTTS;
OFFICER NICK RANDOLPH
OFFICER PHILIP COLEMAN;
OFFICER ROBERT FAMBROUGH;
OFFICER ANTONIO GUARDADO;
JOHN DOE OFFICERS I-III; and,
THE CITY AND COUNTY OF DENVER, COLORADO,

Defendant(s).

## RECOMMENDATION THAT THE CLAIMS AGAINST THE JOHN DOE DEFENDANTS BE DISMISSED

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by

Judge William J. Martinez on November 28, 2011.  (Docket No. 5).

This action was removed to this court on November 23, 2011, having been

commenced in the District Court, City and County of Denver, on September 27, 2011.

(Docket Nos. 1 and 2).  Nevertheless, the plaintiffs have not amended their Complaint to

2

identify any of the three John Doe Officer defendants and have not filed proof that they have served any of the three John Doe Officer defendants.

Accordingly, during a Scheduling Conference on February 13, 2012 (Docket No. 17), and in an Order to Show Cause and Order Setting Status Conference issued the same day (Docket No. 19), this court set a Show Cause Hearing and Status Conference on May 15, 2012, at 9:00 a.m. at which the plaintiffs were directed to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1 as against the John Doe Officer defendants. Plaintiffs' counsel were present at the February 13 Scheduling Conference when the May 15 hearing/conference was set, and they were electronically sent Notices of the Electronic Filing of the Order (Docket No. 19) and the Courtroom Minutes/Minute Order (Docket No. 17) issued that day. Nevertheless, plaintiffs' counsel failed to appear for the May 15, 2012, hearing/conference as directed. They did not telephone the court at the time set for the hearing/conference, nor did they move for a continuance. Counsel for the named defendants appeared.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against the John Doe defendants should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

| | | |
|---|---|---|
| Dated: | May 15, 2012<br>Denver, Colorado | s/ Michael J. Watanabe<br>Michael J. Watanabe<br>United States Magistrate Judge |